UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILSON EGWUENU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-01691-TWP-MPB |
| | ) |
| MEGAN BRENNAN, Hon., WALTER BETTINGER, | ) |
| and JOE FELDMAN, | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON PENDING MOTIONS

This matter is before the Court on several pending motions: Motion for Preliminary and Permanent Injunction Order ([Filing No. 2](#)) filed by Plaintiff Wilson Egwuenu ("Egwuenu"); Motion for Appointment of a Master to Investigate Abuse of Authority ([Filing No. 4](#)) filed by Egwuenu; Motion to Dismiss Under Rules 8(A), 12 (B)(6) and Alternative Motion to Drop Joe Feldman as a Party Defendant Under Rules 20 and 21 ([Filing No. 29](#)) filed by Defendant Joe Feldman ("Feldman"); Motions (I) to Dismiss Complaint Under Rules 12(B)(2) and 12(B)(6) and (II) for an Order Regulating Further Actions ([Filing No. 34](#)) filed by Defendant Walter Bettinger ("Bettinger"); Amended Motion for Sanction ([Filing No. 43](#)) filed by Egwuenu; Motion for Reconsideration ([Filing No. 49](#)) filed by Egwuenu; Supplemental Motion for Sanction ([Filing No. 51](#)) filed by Egwuenu; Motion to Strike Defendant Feldman's Motion to Stay Response ([Filing No. 61](#)) filed by Egwuenu; and Motion for Default Judgment ([Filing No. 62](#)) filed by Egwuenu, (collectively, "the Pending Motions"). On November 27, 2017 Defendant Megan Brennan filed a Motion to Dismiss. ([Filing No. 65](#).) The Courts considers and rules on each motion in this Entry.

## I. BACKGROUND

On May 22, 2017, Egwuenu, a citizen of Polk County, Iowa, filed a 46 page, single spaced

Complaint consisting of 255 paragraphs, against the Defendants alleging that each in their official capacity committed various wrongdoings against him. (Filing No. 1.) On that same date, Egwuenu filed a Motion for Preliminary Injunction (Filing No. 2), and Motion for Appointment of a Master to Investigate Abuse of Authority (Filing No. 4). The Defendants are Hon. Megan Brennan, United States Postmaster General and CEO of the United States Postal Services ("Brennan"), Walter Bettinger, President and CEO of Charles Schwab, and Dr. Joe Feldman, President and CEO of St. Vincent Hospital, Indianapolis, Indiana.

The claims alleged are Count I: Conspiracy to Deprive Person of Civil Rights, pursuant to 42 U.S.C. § 1985; Count II: Deprivation of Constitutional Rights, pursuant to 42 U.S.C. § 1983; Count III: Retaliation Against Plaintiff for Accessing the Court; Count IV: Interference with Plaintiff's Meaningful Access to Court and Spoliation of Evidence; Count V: Employment Discrimination and Retaliatory Termination; Count VI: Interference with Plaintiff's Contractual Relationships; Count VII: Interference with Plaintiff's Prospective Contractual Relationship; Count VII: Intentional Infliction of Emotional Distress (the Court notes that these two counts listed as Count VII); Count VIII: Breach of Fiduciary Duty; Count VIII: Negligence (the Court again notes that there are two counts are listed Count VIII); Count IX: Negligence Per Se; Count X: Defamation, Libel, and Slander of Plaintiff; Count XI: Private Nuisance and Torture; Count XII: Unjust Enrichment; Count XII: Unlawful Search of Home Without Warrant (the Court notes that there are two counts are listed as Count XII); Count XIV: Concert of Action, Individual, Joint, and Several Liability (the Court notes there is no Count XIII); Count XV: RICO; Count XVI: Hobbs Act Violations (Extortion); and Count XVII: Violation of 42 U.S.C. § 1986.

On September 1, 2017 Dr. Feldman filed a Motion to Dismiss for failure to state a claim (Filing No. 29). Dr. Feldman argues the very lengthy Complaint fails to meet the notice pleadings

requirements under Rule 8 and creates an unintelligible patchwork of allegations. Dr. Feldman asks the Court to dismiss Egwuenu's Complaint with prejudice under Rule 12(b)(6). Alternatively, if this Court finds that Egwuenu has successfully stated any claim, he moves to be dropped as a defendant to this case for misjoinder of parties under Rules 20 and 21.

On September 11, 2017, Bettinger filed a Motion to Dismiss under Rules 12(b)(2) and 12(b)(6). (Filing No. 34.) Bettinger argues that Egwuenu is a serial litigator who has filed four actions in the Southern District of Indiana, each seeking to redress substantially the same group of defendants and nearly the same perceived grievances and courts in the Southern District of Indiana have thrice dismissed Egwuenu's cases[1]. Bettinger seeks dismissal under 12(b)(2) because this Court lacks personal jurisdiction over him. Further, Bettinger asserts dismissal is appropriate under Rule 12(b)(6) based on *res judicata*, he is not plausibly connected to the unintelligible allegations, and the allegations fail to state a claim.

On November 13, 2017, Egwuenu filed a Motion for Default Judgment against Defendant Brennan, the United States Postmaster General (Filing No. 62). Thereafter, Brennan filed a Motion to Dismiss under Federal Rules of Civil Procedure 4(m), 12(b)(2) and 12(b)(5), on the grounds that the Court does not have personal jurisdiction over the Postmaster General because Egwuenu has not effected service of process within 90 days of the filing of the complaint. (Filing No. 65).

## II. **DISCUSSION**

Despite delivering a copy of his Complaint to the local United States Attorney, Egwuenu failed to deliver a copy of his Complaint to Brennan directly, as required by Federal Rule of Civil

---

[1] *Egwuenu v. Mueller et al.*, 1:09-cv-01026-WTL-TAB: Dismissed for failure to state a "plain and simple statement" under Rule 8(a), misjoinder under then Rule 19, lack of "facial plausibility," after court allowed a second amended complaint to cure the same deficiencies (Dkt. 37, 38). *Egwuenu v. Defur et al.*, 1:10-cv-01462-TWP-TAB: Dismissed and stricken for failure to prosecute after court ruled complaint violated Rule 20 and was "unintelligible" under Rule 8(a) (Dkt. 7, 8). *Egwuenu v. Potter et al.*, 1:11-cv-01395-WTL-DML: Dismissed with prejudice for failure to satisfy Rule 8(a)(2) (Dkt. 46, 47).

3

Procedure 4(i), to perfect service on a United States agency, officer, or employee. Fed. R. Civ. P. 4(i)(2). Because Egwuenu failed to perfect service on Brennan, his Motion for Default Judgment against Brennan ([Filing No. 62](Filing No. 62)) is **denied**. For this same reason, the Court lacks personal jurisdiction on the Postmaster General and Brennan's Motion to Dismiss is **granted**. ([Filing No. 65](Filing No. 65)).

Regarding the other motions to dismiss, the Court agrees that Egwuenu's Complaint violates the pleading requirements of Federal Rule of Civil Procedure 8(a), violates the misjoinder of claims limitation of Federal Rule of Civil Procedure 20(a)(2), and is unintelligible. Under Rule 8(a), a complaint must contain a short and plain statement of facts that states a claim for relief that is plausible on its face and that provides a defendant with fair notice of what claims are being brought against it and the grounds supporting such claims. Fed. R. Civ. P. 8(a); *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). *Pro se* complaints are generally "held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (quoting *Haines v Kerner*, 404 U.S. 519, 520 (1972)). Additionally, Rule 20(a)(2) states that a plaintiff may join multiple defendants in a single action if "any right to relief is asserted against them … with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action."

Here, Egwuenu's Complaint, is unintelligible. It brings a series of unrelated claims and the Complaint does not describe any connection that may exist between Defendants Dr. Feldman, Bettinger, and Brennan. If Egwuenu wishes to state claims against the Defendants that are unrelated to one another, he must bring each unrelated claim in a separate lawsuit. Furthermore, although Egwuenu's Complaint seemingly attempts to state claims against St. Vincent Hospital

and Charles Schwab Corporation, Egwuenu confusingly named Dr. Feldman, the President and CEO of St. Vincent Hospital, and Bettinger, the President and CEO of Charles Schwab Corporation, as defendants instead of the companies themselves. *See Von der Ruhr v. Immtech Int'l, Inc.*, 570 F.3d 858, 866 (7th Cir. 2009) ("Corporate officers normally enjoy protection from personal liability for acts they commit on behalf of the corporation."). For all of these reasons, the Motions to Dismiss filed by Dr. Feldman ([Filing No. 29](#)) and Bettinger ([Filing No. 34](#)), respectively, are **granted**, and **Egwuenu's Complaint is stricken.**

Because the action has been dismissed and Complaint stricken, the **summonses issued are quashed**. Because Egwuenu's Complaint is stricken, his Motion for Preliminary and Permanent Injunction ([Filing No. 2](#)) is **denied as moot**.

In his Response to Bettinger's Motion to Dismiss, Egwuenu incorporated a Motion for Leave to File First Amended Counts or Claims, as well as his Proposed Amended Claims or Counts. ([Filing No. 52 at 2-19](#).) However, Egwuenu's motion does not comply with the requirements of Local Rule 15-1. Under Local Rule 15-1, a motion to amend a pleading must be filed separately and must be accompanied by a proposed order and a copy of the proposed amended pleading. Because Egwuenu has not filed a separate motion for leave to amend his Complaint with his proposed amended complaint attached, **Egwuenu's Proposed Amended Claims or Counts are stricken**.

Egwuenu's Motion for Appointment of a Master to Investigate Abuse of Authority ([Filing No. 4](#)) is **denied** because Egwuenu has made no showing that exceptional circumstances exist here to necessitate such an appointment and because Egwuenu has the means of preparing and filing an appropriate complaint.

Egwuenu's Amended Motion for Sanctions ([Filing No. 43](#)), Motion for Reconsideration of Order on Motion for Sanctions ([Filing No. 49](#)), and Supplemental Motion for Sanctions ([Filing No. 51](#)) are all **denied** because Egwuenu has provided no evidence that any party in this litigation "has willfully abused the judicial process" or has otherwise acted in bad faith in relation to this action. *Salmeron v. Enterprise Recovery Sys., Inc*., 579 F.3d 787, 793 (7th Cir. 2009) (citing *Maynard v. Nygren*, 332 F.3d 462, 470-71 (7th Cir. 2003)).

Finally, because the Court granted Feldman's Motion to Stay on October 31, 2017 ([Filing No. 56](#)), Egwuenu's Motion to Strike Feldman's Motion to Stay Response ([Filing No. 61](#)) is **denied as moot**.

### III. CONCLUSION

For the reasons listed in this Entry, the Court **GRANTS** the Motions to Dismiss filed by Dr. Feldman ([Filing No. 29](#)), Bettinger ([Filing No. 34](#)) and Brennan ([Filing No. 65](#)). Because it may be possible that Egwuenu might have a viable claim under some set of facts that have not been sufficiently alleged, his *pro se* Complaint is **DISMISSED without prejudice**. Egwuenu is **granted fourteen (14) days from the date of this Entry** to file an amended complaint, free of the deficiencies specified in paragraphs 2 and 3 in the Discussion section above. Only related claims may be filed in an amended complaint under this case number. In particular, Egwuenu must bring unrelated claims against unrelated parties in separate lawsuits against the proper party and each complaint must state a short and plain statement of the facts. A separate filing fee must be paid in each case. If filed, an amended complaint in this action will become the operative complaint. If an amended complaint is not filed within the time period discussed above, the dismissal of this action will be with prejudice and final judgment will issue.

Regarding the remaining motions: Egwuenu's Motion for Preliminary and Permanent Injunction Order ([Filing No. 2](#)) is **DENIED as moot**; Motion for Appointment of a Master to Investigate Abuse of Authority ([Filing No. 4](#)) is **DENIED**; Amended Motion for Sanction ([Filing No. 43](#)) is **DENIED**; Motion for Reconsideration ([Filing No. 49](#)) is **DENIED**; Supplemental Motion for Sanction ([Filing No. 51](#)) is **DENIED**; Motion to Strike Defendant Feldman's Motion to Stay Response ([Filing No. 61](#)) is **DENIED as moot**; and his Motion for Default Judgment against Brennan ([Filing No. 62](#)) is **DENIED.**

**SO ORDERED.**

Date: 11/29/2017

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mr. Wilson Egwuenu
P.O. Box 40651
Indianapolis, Indiana  46240

Adeyemi Adenrele
BARNES & THORNBURG LLP
adey.adenrele@btlaw.com

David Benjamin Honig
HALL, RENDER, KILLIAN, HEATH & LYMAN, PC
dhonig@hallrender.com

Andrew B. Howk
HALL, RENDER, KILLIAN, HEATH & LYMAN, PC
ahowk@hallrender.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jill.julian@usdoj.gov

Matthew M. Schappa
HALL, RENDER, KILLIAN, HEATH & LYMAN, PC (Indianapolis)
mschappa@hallrender.com

Vincent P. Schmeltz
BARNES & THORNBURG LLP
tschmeltz@btlaw.com