**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| WILSON EGWUENU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-01691-TWP-MPB |
| ) | |
| MEGAN BRENNAN, Hon. ) | |
| WALTER BETTINGER, ) | |
| and JOE FELDMAN, ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON PENDING MOTIONS AND DISMISSAL OF AMENDED COMPLAINT

This matter is before the Court for determination of the sufficiency of *pro se* Plaintiff Wilson Egwuenu's ("Egwuenu") Amended Complaint.[1] Dkt. [75]. Also pending is Egwuenu's Motion to Appoint Counsel, Dkt. [68], Motion to Dismiss and Motion for Default Judgment Dkt. [70]. For the reasons explained below, Egwuenu's pending motions are **denied** and the Amended Complaint is **dismissed** for lack of subject matter jurisdiction.

### I. FACTUAL BACKGROUND

On May 22, 2017, Egwuenu, a citizen of Polk County, Iowa, filed a 46 page, single spaced Complaint consisting of 255 paragraphs, against Defendants the Hon. Megan Brennan, United States Postmaster General and CEO of the United States Postal Services ("Brennan"), Walter Bettinger, President and CEO of Charles Schwab, and Dr. Joe Feldman, President and CEO of St. Vincent Hospital, Indianapolis, Indiana. Dkt. [1]. On November 30, 2017, this Court granted

---

[1] *Mallard v. United States District Court*, 490 U.S. 296, 307-08 (1989) ("28 U.S.C. § 1915(d) ... authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (district courts have inherent authority to dismiss frivolous fee-paid actions).

Motions to Dismiss filed by Dr. Joe Feldman, Dkt. [29], Walter Bettinger, Dkt. [34], and Hon. Megan Brennan, Dkt. [65] (Dkt. [67]). As required, the dismissals were without prejudice because it may have been possible that Egwuenu might have a viable claim under some set of facts that had not been sufficiently alleged in his *pro se* Complaint. The Court granted Egwuenu leave to replead by filing an amended complaint. However, he was instructed that the amended complaint must be free of the deficiencies which warranted dismissal of the original complaint. In particular, Egwuenu was instructed that he must bring unrelated claims in separate lawsuits against the proper party and each complaint must state a short and plain statement of the facts; the claims must be plausible, and he was further instructed that only related claims of action may be filed in an amended complaint under this case number. Dkt. [67] at 6.

## II. DISCUSSION

### A. Appointment of Counsel

On December 14, 2017, Egwuenu filed a third request for appointment of counsel, stating that "due process requires that the court appoint him a counsel." Dkt. [68] at 9. On prior occasions, courts in this district have informed Egwuenu that the court has no authority to "appoint" counsel in a civil proceeding. Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court,* 490 U.S. 296, 300 (1989). "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319 (7th Cir.), cert. denied, 114 S. Ct. 438 (1993).

In his motion, Egwuenu provides no information regarding indigency or of reasonable efforts that he has made on his own to secure representation. Regarding the second inquiry, the court's task is to analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt v. Mote*, 503 F.3d at 654-55. The Court notes that Egwuenu is a frequent litigator who has filed four actions in the Southern District of Indiana, each seeking to redress substantially the same group of defendants and nearly the same perceived grievances. The Court finds, in this case and at present, that the claims asserted by Egwuenu are not of sufficient complexity or merit as to surpass his ability to properly develop and present them. He is an experienced litigator, and appears to be literate, to have access to research and writing materials, and to have an understanding of the court's processes.

The Court determines that Egwuenu has not shown that he is indigent, nor has he shown a reasonable attempt to obtain counsel or been effectively precluded from doing so; and considering the claims, he appears to be competent to litigate this action himself. Accordingly, the third motion for appointment of counsel, Dkt. [68], is **denied**.

**B.    The Amended Complaint**

On March 30, 2018, Egwuenu filed an Amended Complaint, which he titled Plaintiff's First Amended Petition. Dkt. [75]. Unfortunately, the Amended Complaint cures none of the deficiencies described in the original Complaint and is legally insufficient. As an initial matter, the Court notes that the Amended Complaint does not name or make allegations concerning defendants Walter Bettinger and Joe Feldman; accordingly **dismissal** as to these two defendants is now **with prejudice**.

The Amended Complaint is 55 pages long, 326 paragraphs and adds new defendants, St. Vincent Hospital and Charles Schwab & Co. The Amended Complaint brings a series of unrelated claims and does not describe any connection that may exist between Brennan, the United States Post Master General, who is sued in her individual capacity, St. Vincent Hospital, and Charles Schwab & Co. It is packed with irrelevant facts and details unnecessary to establish a valid claim for relief and makes it difficult to locate the specific actions and allegations giving rise to liability. Egwuenu states "the primary cause of this action is a widespread and prolonged RICO conspiracy" from 1996 to the present, to defraud him, impede his meaningful access to court, inflict severe and sustained economic and emotional hardships on him with the intent to make him homeless, discourage him from seeking meaningful access in order to cover up their wrongdoing and retain his property. (*See* Dkt. [75].) As far as the Court can discern, the claims concerning the named defendants are as follows:

> He alleges in a conclusory statement, that under her watch as the United States Post Master, Brennen maintained long standing policies, customs, and practices of mercilessly abusing and discriminating against him and she conspired to not deliver legal documents he mailed to the court, or legal documents the courts mailed to him.
>
> He alleges that Schwab has been his stockbroker agency since the 1980s. Schwab agents/employees fraudulently enrolled in a Security Loan Program in his name and received all the appreciation from one of the stocks. When he found out about the fraud Schwab agents froze his accounts and marked them abandoned in order to cover their conspiracy; he was not allowed to trade on his accounts and lost money because of their conspiracy.
>
> He worked for St, Vincent Indianapolis as a registered nurse from 2008 to 2010. He alleges that St. Vincent and its agent, Ms. Schultz, and other employees conspired in an effort to have him fired. Schultz forced him to sign documents stating the he was not meeting his job requirements, which he refused to sign. While he was on vacation, Schultz had all the nurses on his unit write a statement about what he had done wrong since being employed, accused him of poor job performance, insubordination, and making poor choices on behalf of patients; eventually he was terminated.

4

> Egwuenu is asking for declaratory and injunctive relief; a court appointed counsel; reinstatement; economic damages including front pay, back pay, and lost benefits; compensatory damages including future pecuniary and non-pecuniary losses, emotional pain and suffering, inconvenience, mental anguish; liquidated damages; punitive damages; lost interest on wages and damages including pre- and post-judgment and upward adjustment for inflation; and an order making defendants pay his litigation costs and expenses, and an order enjoining defendants from engaging in the unlawful actions stated in his complaint.
>
> Throughout the 55 single-spaced pages of the Amended Complaint, Egwuenu describes in an unintelligible manner numerous unrelated wrongs that he has suffered since 1996 regarding incidents such as a used car dealers interference with the title to his vehicle, misconduct by a judge in Texas, and stalking, sabotage and exploitation by numerous individuals not named as parties in the amended complaint. He also alleges that the sudden deaths of Judges Chambers (on 1/24/2000) and McKinney (on 9/20/17) may have been a part of the conspiracy.

A complaint that is wholly insubstantial does not invoke the district court's subject-matter jurisdiction, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *African-American Slave Descendants Litig*., 471 F.3d 754, 757 (7th Cir.2006). Egwuenu's Amended Complaint violates the pleading requirements of Federal Rule of Civil Procedure 8(a), violates the misjoinder of claims limitation of Federal Rule of Civil Procedure 20(a)(2), and is unintelligible. Under Rule 8(a), a complaint must contain a short and plain statement of facts that states a claim for relief that is plausible on its face and that provides a defendant with fair notice of what claims are being brought against it and the grounds supporting such claims. Fed. R. Civ. P. 8(a); *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). Additionally, Rule 20(a)(2) states that a plaintiff may join multiple defendants in a single action if "any right to relief is asserted against them … with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action."

In addition, when it becomes clear that a suit…is irrational or delusional, the district court is required to dismiss it, *see* 28 U.S.C. § 1915(e)(2)(B)(I); *Ezike v. National R.R. Passenger Corp*.,

5

2009 WL 247838, 3 (7th Cir. 2009). Although Egwuenu may be convinced that these unrelated parties are involved in a conspiracy and are committing the alleged atrocities against him, he does not support the claims that he asserts. The Court notes that Egwuenu's prior cases with similar claims filed in this district have thrice been dismissed for similar reasons[2]. The Court determines that the claims in the Amended Complaint are frivolous, "which is to say a claim that no reasonable person could suppose to have any merit". *See Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Amended Complaint fails to contain legally viable claims over which this Court could exercise subject matter jurisdiction and must be **dismissed**.

### III. CONCLUSION

For the reasons stated above, Egwuenu's Motion to Appoint Counsel, Dkt. [68], is **DENIED.** Because Egwuenu has failed to cure the defects of his original Complaint after being provided notice of them and ample opportunity to do so, the Amended Complaint. Dkt. [75], is **DISMISSED, without prejudice.** Regarding the remaining motion: Egwuenu's Motion to Dismiss and Motion for Default Judgment, Dkt. [70], is **DENIED as moot. This action is terminated.**

Final judgment will be entered in a separate order**.**

**SO ORDERED.**

Date: 4/5/2018

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[2] *Egwuenu v. Mueller et al.*, 1:09-cv-01026-WTL-TAB: Dismissed for failure to state a "plain and simple statement" under Rule 8(a), misjoinder under then Rule 19, lack of "facial plausibility," after the court allowed a second amended complaint to cure the same deficiencies (Dkt. 37, 38). *Egwuenu v. Defur et al.*, 1:10-cv-01462-TWP-TAB: Dismissed and stricken for failure to prosecute after the court ruled complaint violated Rule 20 and was "unintelligible" under Rule 8(a) (Dkt. 7, 8). *Egwuenu v. Potter et al.*, 1:11-cv-01395-WTL-DML: Dismissed with prejudice for failure to satisfy Rule 8(a)(2) (Dkt. 46, 47).

6

DISTRIBUTION:

Mr. Wilson Egwuenu
P.O. Box 40651
Indianapolis, Indiana 46240

Adeyemi Adenrele
BARNES & THORNBURG LLP
adey.adenrele@btlaw.com

David Benjamin Honig
HALL, RENDER, KILLIAN, HEATH & LYMAN, PC
dhonig@hallrender.com

Andrew B. Howk
HALL, RENDER, KILLIAN, HEATH & LYMAN, PC
ahowk@hallrender.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jill.julian@usdoj.gov

Matthew M. Schappa
HALL, RENDER, KILLIAN, HEATH & LYMAN, PC (Indianapolis)
mschappa@hallrender.com

Vincent P. Schmeltz
BARNES & THORNBURG LLP
tschmeltz@btlaw.com